UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES FIRE INSURANCE COMPANY,

                         Plaintiff,

- against -

PIERSON & SMITH, INC.,

                         Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/07

06 Civ. 382 (CM) (LMS)

REPORT AND
RECOMMENDATION

TO: THE HONORABLE COLLEEN McMAHON,
UNITED STATES DISTRICT JUDGE

      Plaintiff United States Fire Insurance Company (herein "Plaintiff" or "U.S. Fire") has filed a motion to enforce the settlement reached between the parties on October 11, 2006, as placed on the record before the undersigned, or, in the alternative, to reopen the litigation. Defendant Pierson & Smith, Inc. (herein "Defendant" or "Pierson & Smith") has cross-moved for enforcement of the settlement, with the inclusion of hold harmless language, or, in the alternative, to reopen the litigation. For the following reasons I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiff's motion to enforce the settlement as placed on the record before the undersigned on October 11, 2006, should be granted and that the Defendant's cross-motion to enforce the settlement with additional language or to reopen the litigation should be denied.

## BACKGROUND

      On January 18, 2006, Plaintiff removed this action pursuant to 28 U.S.C. §1441 from Supreme Court, New York County, where it was originally filed. Jurisdiction was based on diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §1332. In the

12/14/2007 The Report is accepted and adopted as the decision of the Court. No objections have been filed. Plaintiff's motion to enforce the settlement is hereby granted. Defendant's cross motion is hereby denied. Colleen McMahon

Complaint Plaintiff sought damages for injuries sustained in connection with alleged negligent misrepresentation and breach of contract arising from the issuance of an insurance policy by Plaintiff to a non-party, United Limousine Service. Defendant had been Plaintiff's agent in the underwriting of the policy. The Complaint alleged damages in the sum of $889,328 plus interest.

On June 28, 2006, the case was referred by Your Honor to the undersigned for General Pretrial Supervision, including consideration of settlement. See Docket Item #8. On October 11, 2006, a settlement conference was held before the undersigned. I was advised at that time that the only remaining items of discovery to be completed were depositions of the expert witnesses. I had previously extended the discovery deadline to October 31, and it was represented to me that the remaining discovery could be completed within the extended deadline.

I conferenced the matter with counsel individually in chambers, as is my practice during settlement conferences. After some discussion, and after counsel for both sides consulted with their clients, a settlement was reached. It is my practice to make notes of the progress of negotiations, and also of any conditions requested or discussed in connection with such a settlement. In this case my notes regarding any specific conditions of settlement read as follows:

> // SETTLED //
> General release
>
> dismissal w/ prejudice
> parties to be responsible

I know, from my normal practice, that the last entry refers to the parties being responsible for their own fees and costs. I am satisfied, based on my notes, and my normal practice, that no other conditions were raised or discussed in chambers by counsel for either side.

Immediately following the consultation with counsel in chambers the conditions of

2

settlement were placed on the record. The entirety of the exchange reads:

> THE DEPUTY CLERK: Your Honor, we are back on the record in the matter of U.S. Fire Insurance versus Pierson & Smith.
>
> THE COURT: I very much appreciate counsel's cooperation and professionalism as they were discussing the possibility of settlement.
>
> I understand that we have reached a resolution in this matter.
>
> Mr. Willig, do you want to place the conditions on the record?
>
> MR. WILLIG: Yes, I will, Your Honor.
>
> And on behalf of Mr. Westerman and myself, we want to thank you for your assistance in getting us to this point.
>
> The parties have agreed to settle the case in the monetary amount of $40,000.
>
> There is a stipulation, I understand, that will go up to Judge McMahon today.
>
> We will provide the defendant with a form of general release.
>
> We will discuss if there are any particular items that are required by another party to consummate the settlement. We don't contemplate any right now, but we'll work on that in the interim.

3

|                  | This solution will be with prejudice – I'm sorry – the dismissal will be with prejudice, each party to bear their own costs. |
| --- | --- |
| THE COURT: | And fees. |
| MR. WILLIG: | And fees. |
| THE COURT: | Mr. Westerman, anything else that needs to be added? |
| MR. WESTERMAN: | No, Your Honor. |
| THE COURT: | Excellent. Thank you again, counsel. |
| MR. WILLIG: | Thank you, Your Honor. |
| MR. WESTERMAN: | Thank you, Your Honor. |

Docket Item #17 at pp. 10-12. At the time of this proceeding counsel also acknowledged their consent to the settlement by signing an Order of Discontinuance which was thereafter submitted to Your Honor for signature. That Order of Discontinuance was signed by Your Honor and was entered on the docket the following day, October 12, 2006. The Order of Discontinuance reads as follows:

> This action having been called before the Court for trial and the attorneys for all parties having appeared and advised the Court that all claims asserted herein have been settled as set forth in the transcript of hearing this date, it is
>
> ORDERED that the above entitled action be and hereby is discontinued with prejudice and without costs to any party, with leave to re-open on notice solely to enforce the settlement.

Docket Item #12. The signatures of both counsel acknowledged the following language: "I hereby consent to the entry of this proposed order[.]"

4

On several occasions after October 11, 2006, counsel advised the undersigned that the settlement had not been finalized. I advised counsel that if they were not able to work out their differences the only choice was to make the motions that are now before the Court.

## DISCUSSION

The Court has subject matter jurisdiction to enforce this settlement. *See* McLean v. Village of Sleepy Hollow, 166 F. Supp. 2d 898, 901 (S.D.N.Y. 2001) (McMahon, J.). "A federal court has jurisdiction to enforce a settlement agreement if the dismissal order specifically reserves such authority or the order embodies the terms of the settlement. Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996) (*citing* Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994))." Id. In this case the dismissal order explicitly reserves the authority to enforce the settlement, and the order embodied the terms of the settlement as placed on the record on October 11, 2006, thus giving rise to jurisdiction.

This matter has come before the Court on the basis of a claim of diversity jurisdiction, relying on New York law. Under either New York or federal law, an oral settlement will be binding if it was made "in open court," that is, if it was formally memorialized in some way in the court's record. *See* In re Dolgin Eldert Corp., 31 N.Y.2d 1, 9-10 (1972) (*citing* N.Y. C.P.L.R. § 2104); Monaghan v. SZS 33 Assoc., L.P., 73 F.3d 1276, 1283 n.3 (2d Cir. 1996) ("[T]he federal rule regarding oral stipulations does not differ significantly from the New York rule.").

Where a party has entered into an oral agreement to settle, the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court. "When a party makes a deliberate, strategic choice to settle, [he or] she cannot be relieved of such a choice merely because [his or] her assessment of the

5

consequences was incorrect." United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994). Even if parties to an oral settlement agreement contemplate memorializing that agreement in a formal written document that is intended to be subsequently executed, they will still be bound by the oral agreement. *See* V'Soske v. Barwick, 404 F.2d 495, 499 (2d Cir. 1968). *See also* Acot v. New York Med. Coll., 99 Fed. App'x 317, 317-18 (2d Cir. 2004) (*decision by summary order without precedential effect*).

Of course, "[a]n agreement to end a lawsuit is construed according to contract principles." United States v. Sforza, 326 F.3d 107, 115 (2d Cir. 2003); *see also* Bank of New York v. Amoco Oil Co., 35 F.3d 643, 661 (2d Cir. 1994) (under New York law, a settlement agreement is a contract subject to the ordinary rules of contract interpretation and enforcement). Whether there was a meeting of the minds is an issue to be determined by examining the totality of the circumstances. Sforza 326 F.3d at 115, *citing* Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 322 (2d Cir.1997).

In this case there is ample evidence that the parties reached a meeting of the minds and that Defendant should therefore be bound by the terms of the settlement agreement. The terms of the agreement were placed on the record in open court. Both sides had an opportunity to be heard. The only reservation expressed during this proceeding was voiced by Plaintiff's counsel as follows: "We will discuss if there are any particular items that are required *by another party* to consummate the settlement. We don't contemplate any right now, but we'll work on that in the interim." Docket Item #17 at p.11 (emphasis supplied). This reservation did not apply to the parties that were before the Court, and counsel for Defendant expressly agreed that there was no

6

need to add anything to the conditions of settlement placed on the record.[1] Thus, to the degree that there was any issue reserved for further negotiation, such reservation was not made on behalf of either Plaintiff or Defendant. Counsel did not at any time raise any question about the need for a confidentiality provision, and did not at any time raise any question about the need for a hold harmless provision. Although, in my experience, general releases may take a variety of forms, there is no basis for concluding that the reference in the oral settlement to a general release was intended to encompass either a confidentiality provision or a hold harmless agreement. Indeed, even though confidentiality provisions are commonly included in a settlement agreement, neither the Court nor the parties could infer a requirement for including such a provision in the absence of some discussion and inclusion of the condition in the statement of settlement on the record. Hold harmless provisions are, in my experience, even less commonly included in a settlement agreement. There is no showing that an industry norm exists which would require inclusion of such a provision in a settlement agreement. Defendant, by counsel, knowingly agreed to the conditions of settlement on the record; Defendant cannot now renege because of belatedly remembered conditions Defendant would have liked to include in the agreement. *See* Powell v. Omnicom, BBDO/PHD, 497 F.3d 124, 128 (2d Cir. 2007) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve [the party] of that choice simply because [the party's] assessment of the consequences was incorrect.")

---

[1] Defendant argues that "the transcript establishes that plaintiff specifically acknowledged that parties would discuss whether there were items 'required' *by the parties* "to consummate the settlement.' " Defendant's Memorandum of Law at 8, emphasis supplied. This interpretation of the record is not borne out by the words used by Plaintiff's counsel.

7

## CONCLUSION

For the aforementioned reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion to enforce the settlement as placed on the record before the undersigned on October 11, 2006, should be granted, and that Defendant's cross-motion to enforce the settlement with additional language or to reopen the litigation should be denied.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(e), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Colleen McMahon at the United States Courthouse, 500 Pearl Street, New York, New York, 10007, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, NY 10601.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge McMahon.

Dated: November 15, 2007
      White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
Chief United States Magistrate Judge
Southern District of New York